UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:25-cv-08995-CAS-JCx | Date | March 30, 2026 |
|---|---|---|---|
| Title | Guangyan Yang et al v. General Insurance Company of America | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS) - GENERAL INSURANCE COMPANY OF AMERICA'S MOTION FOR SUMMARY JUDGMENT (Dkt. 18, filed on January 12, 2026)

## I.    INTRODUCTION

On July 17, 2025, plaintiffs Guangyan Yang and Wenjing Guo (collectively, "plaintiffs") filed this action against defendants General Insurance Company of America ("General") and Does 1-25, inclusive, in Los Angeles Superior Court. Dkt. 1-1. On September 22, 2025, General removed the case to federal court on the basis of diversity jurisdiction. Dkt. 1. On October 20, 2025, plaintiffs filed the operative first amended complaint. Dkt. 11 ("FAC"). Plaintiffs allege two claims for relief: (1) breach of contract against General; and (2) breach of the implied covenant of good faith and fair dealing against General. FAC ¶¶ 20-37.

On November 10, 2025, General filed a motion to dismiss the FAC, arguing that plaintiffs' suit is time-barred because it was filed after the one-year contractual limitations period had expired. Dkt. 13. On December 15, 2025, the Court denied General's motion to dismiss, finding that General's argument relied on a factual contention not in plaintiffs' allegations about the date that plaintiffs' claim was formally denied in writing. Dkt. 17. The Court treated General's motion to dismiss as a motion for summary judgment and ordered the parties to file supplemental briefing. Id. at 7.

On January 12, 2026, General filed its supplemental motion for summary judgment, dkt. 18 ("Mot."), and a separate statement of uncontroverted facts, dkt. 18-1 ("SSUF"). On February 10, 2026, plaintiffs filed their supplemental opposition to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:25-cv-08995-CAS-JCx | Date | March 30, 2026 |
|---|---|---|---|
| Title | Guangyan Yang et al v. General Insurance Company of America | | |

motion for summary judgment, dkt. 22 at 1-6 ("Opp."), a Declaration of Yongchang He, dkt. 22 at 7 ("He Decl."), and two supporting exhibits, dkt. 22 at 9-23. On February 20, 2026, General filed a reply. Dkt. 23 ("Reply").

On March 2, 2026, the Court provided a tentative order to the parties and held a hearing. Dkt. 24. At the hearing, General requested the opportunity to further brief the issue of notice pursuant to section 2695.4(a) of the California Code of Regulations. Id. The Court permitted each party to file a supplemental brief. On March 16, 2026, General filed its supplemental brief. Dkt. 25. On March 23, 2026, plaintiffs filed their supplemental brief. Dkt. 26.

General's motion for summary judgment is presently before the Court. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

The following facts are based on the undisputed facts of General's SSUF.[1] Plaintiffs Guangyang Yang and Wenjing Guo owned a home in Glendora, California. SSUF ¶ 1. Plaintiffs purchased an insurance policy from General, policy number OA4407281, effective March 14, 2023 to March 14, 2024 ("the Policy"). Id. ¶ 2. The Policy provides insurance coverage for, among other things, Plaintiffs' personal property. Id. ¶ 3. The Policy contained the following condition:

> **8. Suit Against Us.** No action shall be brought against us unless there has been compliance with the policy provisions and the action is started within one year after the inception of the loss or damage.

Id. ¶ 4.

Plaintiffs claim that on August 24, 2023, unknown persons burglarized their home and stole their personal property. Id. ¶ 5. Plaintiffs submitted an insurance claim to General, seeking coverage for the purportedly stolen items. Id. ¶ 6. General investigated

---

[1] Plaintiffs did not file a separate "Statement of Genuine Disputes," which indicates that plaintiffs do not dispute any of the facts in General's SSUF. See L.R. 56-2, 56-4. However, the Court recognizes plaintiffs' general dispute as to the characterization of the May 29, 2024 letter, dkt. 13-6 ("the Letter"), as a "denial letter."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-08995-CAS-JCx | Date | March 30, 2026 |
|----------|----------------------|------|----------------|
| Title | Guangyan Yang et al v. General Insurance Company of America | | |

the claim and given the nature of the claim and facts surrounding the claim, requested that plaintiffs provide documentation pertinent to the loss and submit to an examination under oath. Id. ¶ 7. According to General, despite repeated requests, plaintiffs never provided all the documents that General requested. Id. at 8. According to General, as a result, General could not complete its examinations under oath and its investigation of the loss. Id. at 9.

According to General, General denied coverage for plaintiffs' insurance claim on May 29, 2024, due to plaintiffs' failure to provide all requested documentation, in violation of the Policy's conditions. Id. ¶ 10. According to General, the denial of coverage was set forth in a letter dated May 29, 2024, which stated:

> Your policy is clear that you are obligated to comply with the policy conditions if coverage is sought. Despite requests, you have failed to do so. Accordingly, you are in breach of your obligations under the insurance policy. Therefore, your claim is being denied and there will be no coverage for this loss.

Id. at ¶¶ 11-12 (quoting the Letter).

On July 17, 2025, plaintiffs initiated this civil action by filing a complaint against General in Los Angeles County Superior Court, Case No. 25PSCV02631. Id. ¶ 13.

### III.   LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:25-cv-08995-CAS-JCx | Date | March 30, 2026 |
|---|---|---|---|
| Title | Guangyan Yang et al v. General Insurance Company of America | | |

the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the evidence presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV.   DISCUSSION

General argues that both claims for relief in plaintiffs' FAC fail as a matter of law because the undisputed facts show that plaintiffs' claims are time-barred by the contractual limitations period in plaintiff's insurance policy. Mot. at 1. General argues that the one-year contractual limitation provision is valid and enforceable and must be applied without regard to the underlying merits of the claim. Id. at 4-5. General argues that the limitations period began to run at the inception of the loss, was tolled while General investigated the claim, and continued to run after the claim was denied. Id. at 5, 6. According to General, plaintiffs submitted their insurance claim to General on August 25, 2023, one day after the loss. Id. at 6. According to General, General sent its clear and unequivocal denial letter on May 29, 2024. Id. at 7. Therefore, General argues that the contractual limitations period expired no later than May 29, 2025, prior to the initiation of this suit, which plaintiffs filed on July 17, 2025. Id. General argues that no putative excuse for plaintiffs' delay would save the suit because nothing more than the passage of time must be shown to bar the action. Id. General further argues that, under California law, both plaintiffs' claims for relief, for breach of contract and for breach of the implied covenant of good faith and fair dealing, are barred by the contractual limitations period. Id. at 8-9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-08995-CAS-JCx | Date | March 30, 2026 |
|----------|------------------------|------|----------------|
| Title | Guangyan Yang et al v. General Insurance Company of America | | |

In opposition, plaintiffs argue that summary judgment should be denied because there is a triable issue of fact as to whether General may be equitably estopped from applying the statute of limitations to this case. Opp. at 1-2. Plaintiffs cite to Spray, Gould & Bowers v. Associated Internat. Ins. Co., 71 Cal. App. 4th 1260 (1999) to support their position. Id. at 3. In Spray, the California Court of Appeal held that an insurer's violation of the notice requirements contained in the California Code of Regulations may provide the basis for a finding that the insurer is estopped from asserting a contract limitations defense. Spray, 71 Cal. App. 4th at 1265-66. Here, plaintiffs argue that General did not comply with sections (b)(1), (b)(3), (c)(1), and (f) of Section 2695.7 of the California Code of Regulations. Id. at 5. Plaintiffs also argue that General has provided no evidence to support the factual assertion that plaintiffs were aware that the May 29, 2024 letter was sent by a representative of the insurance company authorized to deny the claim. Id. Therefore, plaintiffs argue that there are triable issues of fact in this case as to whether General should be estopped from applying a statute of limitations defense. Id.

In reply, General argues that plaintiffs do not dispute the material facts at issue, which show that General unequivocally denied plaintiffs' insurance claim on May 29, 2024. Reply at 1. General argues that plaintiffs' estoppel arguments do not raise any triable issues of material fact. Id. at 3. First, General argues that plaintiffs' contention that it was unclear whether the author of the purported denial letter was a representative of General, has no merit. Id. at 3-4. General points out that the two letters attached as exhibits to plaintiffs' opposition show clear statements by Michele L. Levinson, that she and her firm represent General with regard to the claim. Id. (citing dkt. 22 at 10, 17). Second, General argues that General's alleged violations of California insurance regulations are not sufficient to toll or equitably estop General from asserting the contractual limitations period. Id. at 4. General argues that Spray only addressed the insurance regulation that stated that ""[e]very insurer shall disclose to a first party claimant . . . all . . . time limits . . . of any insurance policy issued by that insurer that may apply to the claim presented by the claimant." Id. at 5 (quoting Spray, 71 Cal. App. 4th at 1267). According to General, the court in Spray held that there was a triable issue of fact as to whether the insurer would be estopped from asserting the contractual limitations period given its failure to notify the insured of this time limit in its denial. Id. (citing Spray, 71 Cal. App. 4th at 1273). General argues that plaintiffs' instant case is distinguishable because section 2695.7(f) exempts insurers of the duty to advise of an applicable limitations period when a claimant is represented by counsel. Id. at 5 (citing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-08995-CAS-JCx | Date | March 30, 2026 |
|---|---|---|---|
| Title | Guangyan Yang et al v. General Insurance Company of America | | |

Cal. Code Regs. tit. 10, § 2695.7(f)[2]).  General argues that plaintiffs were represented by counsel at the time of denial, and the denial letter is addressed to plaintiffs and their attorney.  Id.  General argues that there is no legal support for plaintiffs' arguments that the other alleged violations of the insurance regulations, which do not involve notice of the limitations period, can provide a basis for estoppel.  Id. at 6.

The Court finds that General met its initial burden of showing that plaintiff's instant lawsuit challenging General's failure to pay plaintiffs' claim under the Policy was initiated after the expiration of the one-year contractual limitation in the Policy.  See Prudential-LMI Com. Ins. v. Superior Ct., 51 Cal. 3d 674, 678 (1990) (an insurance contract limitations period is "equitably tolled from the time the insured files a timely notice, pursuant to policy notice provisions, to the time the insurer formally denies the claim in writing.").  The Court finds that General unequivocally denied plaintiffs' insurance claim in writing on May 29, 2024.  See Letter.  Plaintiffs' instant lawsuit challenging General's failure to pay on that insurance claim was initiated on July 17, 2025, more than twelve months after General unequivocally denied the claim in writing.  See dkt. 1.  Thus, General has established that there is no genuine issue of fact regarding the one-year contractual limitations period expiring prior to the filing of plaintiffs' lawsuit.

The Court is not persuaded by plaintiffs' contention that the Letter, sent to plaintiffs and plaintiffs' counsel on May 29, 2024 by Levinson on behalf of General is "confusing and unclear."  Opp. at 2.  In previous correspondence with plaintiffs regarding the claim at issue under the Policy, Levinson communicated to plaintiffs that her firm had been retained by General to assist in the evaluation of the claim.  Dkt. 22 at 10, 17.  In the Letter, Levinson unequivocally states that "this claim is being denied and no payments will be issued."  Letter at 3.  While the Letter includes a typographical error listing an incorrect policy number in one place, the Letter accurately refers to the claim at issue in the subject line, such that the Court finds no genuine issue of fact as to the Letter's application to the claim at issue in this case.  See id. at 2, 3.  The Letter's unequivocal denial of the claim in writing, regardless of General's alleged noncompliance with

---

[2] "Except where a claim has been settled by payment, every insurer shall provide written notice of any statute of limitation or other time period requirement upon which the insurer may rely to deny a claim. . . .  This subsection shall not apply to a claimant represented by counsel on the claim matter."  Cal. Code Regs. tit. 10, § 2695.7(f).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-08995-CAS-JCx | Date | March 30, 2026 |
|---|---|---|---|
| Title | Guangyan Yang et al v. General Insurance Company of America | | |

regulatory provisions, is sufficient to end equitable tolling of the limitations period.  See
Prudential-LMI, 51 Cal. 3d at 678; Aliberti v. Allstate Ins. Co., 74 Cal. App. 4th 138,
147-48 (1999); Migliore v. Mid-Century Ins. Co., 97 Cal. App. 4th 592, 605 (2002).

However, the Court also finds that plaintiffs have put forward sufficient evidence
to raise a triable issue of fact as to whether General may be equitably estopped from
asserting the contractual limitations defense to suit.  The facts of this case appear
materially indistinguishable from the circumstances in Spray, Gould & Bowers v.
Associated Internat. Ins. Co., 71 Cal. App. 4th 1260 (1999).  "[Spray] held that an insurer
could be estopped from raising the one-year suit provision as a defense if it had not
complied with regulations issued by the California Insurance Commission in 1992
requiring every insurer to disclose to a first party claimant all time limits that might apply
to the claim presented by the claimant."  Neufeld v. Balboa Ins. Co., 84 Cal. App. 4th
759, 761 (2000).  While plaintiffs have offered no authority to extend the reasoning of
Spray to find that noncompliance with *any* regulatory requirement is a basis for estoppel,
here, there appears to be a question of fact as to whether General complied with the same
notice requirement specifically at issue in Spray: section 2695.4(a)[3].

Estoppel against a limitations defense can arise as a result of an insurer's silence
where there is a duty to speak.  Spray, 71. Cal. App. 4th at 1268.  General argues that
section 2695.7(f) relieved General of its obligation under section 2695.4(a) to disclose to
plaintiffs that a contractual limitation applied to their claim, because plaintiffs were
represented by counsel at the time the claim was denied.  Reply at 5.  However,
California courts have explained that section 2695.7(f) overlaps in scope, but does not
overrule, the notice requirement of section 2695.4(a).  Superior Dispatch, Inc. v. Ins.
Corp. of New York, 181 Cal. App. 4th 175, 189-90 (2010), as modified on denial of reh'g
(Feb. 22, 2010).  Superior Dispatch holds that an insured's representation by counsel on a
claim matter "exempts an insurer from the notice requirement in section 2695.7,

---

[3] "Every insurer shall disclose to a first party claimant or beneficiary, all benefits,
coverage, time limits or other provisions of any insurance policy issued by that insurer
that may apply to the claim presented by the claimant. . . ." Cal. Code Regs. tit. 10,
§ 2695.4(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 2:25-cv-08995-CAS-JCx | Date | March 30, 2026 |
|----------|------------------------|------|----------------|
| Title | Guangyan Yang et al v. General Insurance Company of America | | |

subdivision (f), but by its own terms *does not exempt* an insurer from the notice requirement in section 2695.4, subdivision (a)." Id. at 190 (emphasis added).[4]

The logic of Spray is that constructive knowledge of a contractual limitations period is insufficient to enforce the limitation against plaintiffs without evidence of the claimant's actual knowledge of the contractual limitation period. Spray, 71 Cal. App. 4th at 1272-1273. The purpose of section 2695.4(a)'s requirement for insurers to give specific notice to claimants of any contractual limitations period "is to assure *actual*, not

---

[4] In its supplemental brief, General argues that Superior Dispatch does not apply here because "Superior Dispatch dealt with a contractual limitations provision under a liability insurance policy," whereas this action "involves a limitations provision under a first party property policy, consistent with the standard form policy as set forth in Insurance Code section 2071." Dkt. 25 at 4. General argues that because the limitations provision is included in the standard form provided by statute for California fire insurance policies, the limitations period at issue in General's policy not a purely contractual limitations provision like the one in Superior Dispatch. Id. General argues that the limitations period should instead be recognized as a statute of limitations for which General argues that actual notice by an insured who is represented by counsel is not required. Id. at 5. General's arguments lack merit. First, the contractual limitations period in General's policy which provides "insurance coverage for, among other things, [p]laintiffs' personal property," SSUF ¶ 3, is not a statutory limitations period merely because it adopts similar language to a standard form provided by statute for California fire insurance policies. Second, even if the contractual limitations period in the policy was considered to be statutorily required, section 2695.4(a) would still impose a duty on the insurer to provide notice to the claimant of this time limit. See Cal. Code Regs. tit. 10, § 2695.4(a) ("Every insurer shall disclose to a first party claimant or beneficiary, all benefits, coverage, time limits or other provisions of any insurance policy issued by that insurer that may apply to the claim presented by the claimant. . . ."). There is no exception in section 2695.4(a) for statutory limitations periods with or without representation by counsel. Third, even if General's legal assertions were correct, which they are not, there is a factual dispute as to whether plaintiffs had retained counsel to represent them for their claim at the time notice was required. See dkt. 26 at 3. Accordingly, General's supplemental brief does not persuade the Court to alter the reasoning and conclusion of its tentative order.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-08995-CAS-JCx | Date | March 30, 2026 |
|----------|------------------------|------|-----------------|
| Title | Guangyan Yang et al v. General Insurance Company of America | | |

merely constructive, knowledge, of the contractual limitations period within which suit must be brought by an insured." Id. (emphasis in original).

Given that there are questions of fact as to whether General provided plaintiffs any such notice of the contractual limitations period applicable to their particular claim and as to whether plaintiffs had actual knowledge of the Policy's time limits applicable to their claim, there is a triable issue as to whether General may be estopped from asserting a contractual limitations defense to plaintiffs' suit. See Spray, 71 Cal. App. 4th at 1272-1273. Accordingly, General is not entitled to summary judgment based on the contractual limitations period.

## V.   CONCLUSION

In accordance with the foregoing, the Court **DENIES** General's motion for summary judgment.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|--|----|---|----|
| Initials of Preparer | | CMJ | |